IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MARKELYN LAMONTRE JONES,**

    Petitioner,

v.                                        CIVIL ACTION NO. 2:22cv251

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Markelyn Lamontre Jones's ("Petitioner") Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 12. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(j). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2018, before the Circuit Court of the City of Suffolk ("Trial Court"), following his plea of guilty Petitioner was sentenced for his convictions for second degree murder, armed

1

common law burglary, robbery, use of a firearm in the commission of an abduction, use of a firearm during a felony, and use of a firearm during a robbery. ECF No. 1 at 1. The Trial Court sentenced Petitioner to an active sentence of thirty-eight years imprisonment. *Id.*

Petitioner filed a direct appeal of his criminal convictions to the Court of Appeals of Virginia. ECF No. 1 at 2; ECF No. 14, attach. 2. On appeal, the Petitioner argued the Trial Court erred in denying his motion to withdraw his guilty plea "when the guilty plea was made (1) through a misunderstanding as to its effect, (2) by an honest mistake of material fact and/or (3) as a result of undue influence." ECF No. 1 at 2; *see also* ECF No. 14, attach. 2 at 3. The Court of Appeals of Virginia affirmed Petitioner's convictions and denied his petition for appeal on March 6, 2019. ECF No. 1 at 2; ECF No. 14, attach. 2 at 2–7. The Court of Appeals of Virginia affirmed Petitioner's convictions because Petitioner "signed a comprehensive plea agreement that expressly waived any right to seek to withdraw his guilty plea or to appeal his case once the trial court accepted the plea agreement and [Petitioner's] guilty pleas." ECF No. 14, attach. 2 at 2, 6. The Court of Appeals of Virginia found the Trial Court reviewed the plea agreement with the Petitioner in detail, the Petitioner confirmed to the Trial Court he read and understood the plea agreement, the Petitioner said he discussed the plea agreement with his attorney in detail, and the Trial Court found the Petitioner understood the plea agreement. ECF No. 14, attach. 2 at 6.

The Petitioner appealed his criminal convictions to the Supreme Court of Virginia and on December 6, 2019, the Supreme Court of Virginia affirmed his convictions and refused his petition for appeal. ECF No. 1 at 2; ECF No. 14, attach. 3 at 1.

Petitioner then filed a petition for writ of habeas corpus in the Trial Court (the "State Habeas Petition") on November 24, 2020. ECF No. 14, attach. 4. In his State Habeas Petition, Petitioner argued that his plea was not entered knowingly, voluntarily, and intelligently, and he

2

argued claims of ineffective assistance of counsel. ECF No. 14, attach. 4 at 3–4; ECF No. 14, attach. 5 at 2–3. The Trial Court dismissed Petitioner's State Habeas Petition through a final order dated March 24, 2021. ECF No. 14, attach. 5. First, the Trial Court held that Petitioner's claim that his plea was not voluntary is non-cognizable and procedurally defaulted because Petitioner raised the claim throughout his direct appeal and it was decided adversely against him. *Id.* at 16. Accordingly, it was a non-jurisdictional issue raised and decided, and thus cannot be considered in a habeas action and procedurally defaulted. *Id.* at 16–17 (citing *Henry v. Warden*, 265 Va. 246, 248–49 (2003)). Second, the Trial Court also held Petitioner's claims of ineffective assistance of counsel failed because Petitioner did not meet the standard in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 17–34.

Petitioner filed this instant Petition for habeas corpus pursuant to 28 U.S.C. § 2254 on June 15, 2022, arguing:

> the Virginia Courts ruled contrary to, or unreasonably applied, federal law and made unreasonable factual determinations in light of the trial record, by finding that Jones had knowingly and voluntarily entered a plea agreement and waived his right to appeal when the plea agreement was entered in violation of petitioner's right to the effective assistance of counsel.

ECF No. 1 at 5. In his accompanying memorandum in support, Petitioner specifically argues:

A. Petitioner had the right to effective assistance of counsel in rendering plea advice.

B. Counsel provided objectively unreasonable advice leading Petitioner to enter a plea that he otherwise would have never entered.

C. Petitioner was prejudiced by counsel's objectively unreasonable advice because it caused him to enter a plea agreement that he otherwise would have never entered.

D. The AEDPA deadline to file must be equitably tolled because the failure to file was due to circumstances beyond Petitioner's control and because a manifest injustice will occur if this Court fails to correct the errors made by the Virginia courts.

3

*Id.* at 17. On October 25, 2022, Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a brief in support of the Motion to Dismiss. ECF Nos. 12–14. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether the Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

A. Timeliness

   1. *Statute of Limitations under the AEDPA.*

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09cv41, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. 2:09cv41, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010). As Petitioner and Respondent both note, this case is governed by the limitation period set forth in the AEDPA. ECF No. 14 at 19; ECF No. 15 at 4. The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1-year limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2244(d)(1). The AEDPA further contains a statutory tolling provision: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions, such as the instant Petition, are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. 28 U.S.C. § 2244(d)(1)(A). The federal one-year statute of limitations is tolled during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2).

2. *Even Affording Petitioner Statutory Tolling, the Petition is Untimely.*

In the instant matter, the Trial Court entered its judgment of guilty on November 16, 2016. ECF No. 14, attach. 1 at 1. The Trial Court sentenced Petitioner on May 10, 2018. ECF No. 1 at 1. Following his appeal to the Court of Appeals of Virginia, the Supreme Court of Virginia affirmed Petitioner's conviction and denied his appeal on December 6, 2019. ECF No. 14, attach. 3 at 1. The time for seeking direct review in the United States Supreme Court is "90 days after entry of the order denying discretionary review," at which time the one-year § 2254(d)(1) statute of limitations begins running. Sup. Ct. R. 13.1. Thus, Petitioner's judgment became final for AEDPA purposes on March 5, 2020—90 days after the Supreme Court of Virginia denied Petitioner's appeal—and Petitioner's one-year statute of limitations began running at that time.

On November 24, 2020, Petitioner filed his timely State Habeas Petition "within one year from . . . final disposition of the direct appeal in state court" as required by Virginia law. Va. Code § 8.01-654(A)(2). Petitioner filed his State Habeas Petition 264 days after the one-year AEDPA statute of limitations began, leaving 101 days remaining for his AEDPA statute of limitations. The

5

AEDPA statute of limitations was tolled until March 24, 2021, when the Petitioner's State Habeas Petition was dismissed, and began to run again on that date. ECF No. 14, attach. 5 at 34.

Accordingly, with 101 days remaining[1] in Petitioner's AEDPA statute of limitations, his deadline to file his federal habeas petition was July 6, 2021.[2] The instant petition was received by this Court on June 15, 2022, almost one year after the AEDPA statutory deadline. ECF No. 1.

Thus, even considering the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) already made available to Petitioner, his Petition is still untimely under AEDPA. Additional statutory tolling is unavailable to the Petitioner and the undersigned now considers the availability of equitable tolling.

### 3. *Petitioner is Not Entitled to Equitable Tolling.*

The AEDPA statute of limitations may be equitably tolled if a petitioner can demonstrate: (1) the petitioner pursued his or her rights diligently and (2) some extraordinary circumstance stood in the way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To meet the standard for equitable tolling, "[t]he petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid v. Clarke*, No. 1:18cv262, 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018); *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001). Petitioners must specifically explain how the alleged conditions affected their

---

[1] Giving Petitioner the benefit of the doubt and applying the "prison mailbox rule," Respondent found that Petitioner's statutory tolling began not on the date which the State Habeas Petition was actually filed, but the date his petition was notarized, and he could have deposited the petition in the institutional mail system. ECF No. 14 at 20. Thus, Respondent calculated 253 days between the end of Petitioner's direct appeal and the date on which Petitioner filed his State Habeas Petition. Using Respondent's calculation, Petitioner had until July 15, 2021 to file a federal habeas petition. *Id.*
[2] 101 days from March 24, 2021, is July 3, 2021. However, excluding weekends and legal holidays, Petitioner's deadline would "continue[] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday" — here, July 6, 2021. Fed. R. Civ. P. 6(a).

6

ability to pursue their claims within the statute of limitations. *Booker v. Clarke*, No. 3:21cv212, 2022 WL 464554, at *3 (E.D. Va. Feb. 15, 2022); *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). Additionally, "the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid*, No. 1:18cv262, 2018 WL 1937349, at *3 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Application of a court's equity powers, including equitable tolling, should be considered on a case-by-case basis. *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964); *Holland*, 560 U.S. at 650. The Fourth Circuit has further explained that equitable tolling should only be applied in "rare instances, where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("any resort to equity must be reserved for those rare instances.")). There is a "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014). Equitable tolling does not apply to "garden variety claims of excusable neglect" or "mistake[s] of counsel," which includes attorneys' "erroneous interpretation of the statute of limitations provision." *Rouse*, 339 F.3d at 246, 248.

For example, this Court has declined to apply equitable tolling where a petitioner argued he was prevented from timely filing because of a routine prison transfer, which interfered with law

7

library access and access to personal legal papers, finding such circumstances "are not extraordinary for the purposes of equitable tolling." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009). The Court further recognized other circumstances which would not qualify as extraordinary, including "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents." *Id.* (alterations in original) (citing *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). The Court reasoned that such circumstances do not qualify as extraordinary because "prisoners, who are 'familiar with the routine restrictions of prison life[,] must take such matters into account when calculating when to file a federal [habeas] petition.'" *Id.* (citation omitted). In another case, this Court declined to apply equitable tolling where the petitioner argued his extraordinary circumstances were ignorance of the law, lack of legal representation, COVID-19, and receiving bad advice. *Cottee v. Unknown*, No. 1:22cv149, 2023 WL 1071990, at *3 (E.D. Va. Jan. 26, 2023). In that case, the Court held the petitioner did "not state[] with specificity how the conditions he complains of prevented him from filing his § 2254 petition on time." *Id.*

Similarly, Courts have routinely declined to apply equitable tolling where the petitioner alleges ignorance of the law or lack of access to legal resources. Prisoners do not have an abstract right to a law library or legal assistance. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citation omitted). Also, petitioners have "no constitutional right

to counsel in . . . federal habeas proceedings." *Rouse*, 339 F.3d at 250. Additionally, some courts find prisoners who are "familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition." *Atkins v. Harris*, No. C 98-3188, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999).

Courts in the Fourth Circuit have routinely found that non-specific claims that a petitioner was unable to pursue his rights diligently due to the COVID-19 pandemic do not constitute extraordinary circumstances that warrant equitable tolling. *Booker v. Clarke*, No. 3:21cv212, 2022 WL 464554, at *4 (E.D. Va. Feb. 15, 2022) ("[T]he Court fails to discern, and Booker fails to explain, how the restrictions on Booker's physical access to the law library between April 2020 and September 2020 have any relevance on the issue of equitable tolling with respect to Booker's § 2254 Petition."); *Welch v. Nelson*, No. 5:21-767, 2022 WL 2068769, at *5 (D. S.C. Apr. 29, 2022) ("Petitioner fails to provide an adequate explanation as to why the resources he had available during [periods he was not quarantined] were not sufficient for him to timely file his petition. Petitioner's argument that the pandemic limited his ability to access the law library, standing alone, fails to establish extraordinary circumstance."), *report and recommendation adopted*, No. 5:21cv00767, 2022 WL 2067883 (D.S.C. June 8, 2022); *Shea v. Clark*, No. 1:22-cv-198, 2023 WL 1928772, at *7 (E.D. Va. Feb. 10, 2023) (finding an inmate not entitled to equitable tolling due to a lack of access to the law library during the COVID-19 pandemic because he was still able to complete a state habeas petition without such resources); *Day v. White*, No. 1:22cv2, 2022 WL 4585522, at *5 n.9 (E.D. Va. Sept. 29, 2022) ("To the extent petitioner contends the COVID-19 pandemic is cause for equitable tolling, 'the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis.'") (citations omitted); *Cottee*, No. 1:22cv149, 2023 WL 1071990, at *3 ("Petitioner has not stated with specificity how [his ignorance

9

of the law, lack of legal representation, COVID-19, and bad advice] prevented him from filing his § 2254 petition on time.").[3] While some courts have indicated that the COVID-19 pandemic could amount to an extraordinary circumstance that warrants tolling under certain circumstances, petitioners would still need to show they were pursuing their rights diligently, "and would have timely filed if not for external obstacles caused by COVID-19." *Taylor v. United States*, No. 4:20CV1489, 2021 WL 1164813, at *3 (E.D. Mo. Mar. 26, 2021).

In specifically evaluating arguments for equitable tolling related to COVID-19, courts have considered whether the petitioner was able to file other court documents during the alleged hardship. For example, when a petitioner argued he was entitled to equitable tolling due to COVID-19 lockdowns and the inability to access legal advice, one court highlighted the fact that the petitioner was able to file a state habeas petition, and the filing of that petition weighed against equitable tolling for his federal habeas petition. *Shea v. Clark*, No. 1:22cv198, 2023 WL 1928772, at *6 (E.D. Va. Feb. 10, 2023). Courts have also highlighted the fact that all prisoners were subject to lockdowns and the restrictions associated with it, supporting the notion that COVID-19 does not constitute an extraordinary circumstance. *See Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. 2021) ("[The petitioner] also could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols.").

---

[3] Other courts around the country have come to the same conclusion that the COVID-19 pandemic, without more specificity, does not constitute an extraordinary circumstance that warrants equitable tolling. *Brown v. Holbrook*, No. 21-35605, 2023 WL 2445685, at *2 (9th Cir. Mar. 10, 2023) ("[The petitioner] argues that the pandemic has been an extraordinary circumstance for this nation but fails to explain how the pandemic generally had an extraordinary influence in this particular situation.") (internal quotations omitted); *Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) ("[The petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19. The district court correctly concluded that [petitioner] hasn't shown that he was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place.").

Here, Petitioner argues he is entitled to equitable tolling for several reasons. In his Petition, he argues that he is entitled to equitable tolling because:

> [he] was unaware of the ability to seek relief in federal court or the deadlines associated with the filing of a § 2254 petition. He did not receive any communication from counsel following the denial of his appeal. Further, Petitioner was incarcerated and on lock down due to COVID-19 for several months between March of 2020 and August 2021. During that time period Petitioner did not have access to legal materials. The deadline to file was March 7, 2021[,] and missing that deadline was beyond Petitioner's control. Therefore the deadline should be equitably tolled and the petition should be considered despite being filed beyond the statute of limitations. Also, Petitioner asserts that a manifest injustice will occur if the § 2254 petition is dismissed without the errors of the state court being corrected.

ECF No. 1 at 13–14. In his supporting memorandum, Petitioner further argues that appellate counsel failed to advise him of the AEDPA deadline, and therefore Petitioner was unaware he could pursue relief in a federal habeas petition. ECF No. 1 at 47–48. Petitioner further argues that during the time period when Petitioner could have sought post-conviction relief, he was on lockdown due to COVID-19, and was unable to access legal materials or communication with counsel and his family. *Id.* at 48. Petitioner argues that "[s]ince that time, Petitioner[] has diligently sought to pursue his rights and file the instant § 2254 petition as soon as possible under the circumstances." *Id.*

In further support of his claim, Petitioner submitted an affidavit, in which he states:

> From March 2020 until after the end of 2020, I was on lock down due to the COVID-19 pandemic. During this time period, I had no access to legal materials and my access to communication with the outside world was limited and inconsistent, because mail was 'quarantined' during the pandemic. Additionally, my attorney never explained that I could file a post-conviction motion. As a result I did not learn of the ability to seek further relief until far after the expiration of the date to seek post-conviction relief had expired.

*Id.* at 50.

In response, Respondent argues Petitioner is not entitled to equitable tolling because he does not demonstrate he is entitled to such relief. ECF No. 14 at 21–23. Respondent argues

Petitioner's explanations for why he should be entitled to equitable tolling are not proper grounds or types of extraordinary circumstances recognized to permit equitable tolling. *Id.*

The undersigned finds that Petitioner is not entitled to equitable tolling because Petitioner has not sufficiently demonstrated that he was diligently pursuing his federal claim and that some extraordinary circumstance prevented timely filing. As explained, equitable tolling is only appropriate in rare, unique, and extraordinary circumstances, and here Petitioner does not include specific facts or allegations in his Petition or subsequent briefs why this is one of those circumstances. First, Petitioner generally alleged he was on lockdown due to COVID-19 from March 2020 until after the end of 2020. However, Petitioner's statute of limitations for filing a federal habeas petition expired on July 6, 2021. Petitioner offers no explanation of specifically when he was no longer on lockdown, and what he did thereafter to pursue his rights diligently. Second, on November 24, 2020, during the period in which Petitioner alleges he was unable to access legal materials, Petitioner was able to file and pursue his State Habeas Petition. The only explanation Petitioner appears to offer for why he was able to file a state habeas petition but not a federal habeas petition is the fact that he was unaware he could file a petition for federal habeas relief. However, as previously explained, ignorance of the law does not constitute an extraordinary circumstance to warrant equitable tolling. Finally, Petitioner alleged that the failure to consider his Petition would result in "manifest injustice" but Petitioner has not offered any explanation for why that is the case.

Under these circumstances, the undersigned declines to find Petitioner is entitled to equitable tolling. In light of the above analysis, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED** on the basis of Respondent's timeliness argument.

Although the undersigned's determination that the Petition was not timely filed provides sufficient grounds to grant the Motion to Dismiss, the undersigned will also address Respondent's second basis for dismissal of the Petition, namely, whether Petitioner's procedural default of his claims operates as a bar to review of the same on federal habeas review.

B. <u>Exhaustion and Procedural Default</u>

*1. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); 28 U.S.C. § 2254(b). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Breard*, 134 F.3d at 619. The exhaustion requirement is strictly enforced and if a petition includes both exhausted and unexhausted claims, courts must dismiss the entire petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999), and the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the

Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Virginia Dep't of Corr.*, No. 1:14cv1581, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), appeal dismissed, 669 F. App'x 160 (4th Cir. 2016).

When a petitioner presents the substance of his federal habeas claim to the state courts, then the claim is fairly presented. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). However, "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork [are insufficient].'" *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

2. *Procedural Default*

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.*; *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice.") (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). As the Supreme Court has observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 582 U.S. 521, 527–28 (2017). Additionally, a petitioner seeking federal habeas

14

relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review"). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 582 U.S. at 528 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, No. 1:15cv781, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016).

   3. *Petitioner's Claim is Procedurally Defaulted on Adequate and Independent State Law Grounds.*

In the instant federal petition, Petitioner alleges:

15

> The Virginia courts ruled contrary to, or unreasonably applied, clearly established federal law and made unreasonable factual determinations in light of the trial record, by finding that petitioner knowingly and voluntarily entered a plea agreement and waived his right to appeal when the plea agreement was entered in violation of Petitioner's right to the effective assistance of counsel.

ECF No. 1 at 29. The Court interprets Petitioner to argue ineffective assistance of counsel in advice regarding his guilty plea.[4] While Petitioner did present his claim to the Trial Court in his State Habeas Petition, *see* ECF No. 14, attach. 5 at 17–34, he did not appeal the Trial Court's dismissal of his State Habeas Petition to the Supreme Court of Virginia. Therefore, the instant federal claim was never presented to the Supreme Court of Virginia.

Because Petitioner did not present the instant claim to the Supreme Court of Virginia his claim is exhausted but procedurally defaulted. Petitioner's deadline to appeal his State Habeas Petition has long passed, and Virginia procedural rules would prevent Petitioner from now bringing this claim to the Supreme Court of Virginia. *See* Va. Sup. Ct. R. 5:9 (requiring a notice of appeal to be filed within 30 days after the entry of final judgment). Because Virginia Supreme Court Rule 5:9 is an independent and adequate state bar, *see Wise v. Williams*, 982 F.2d 142, 144 (4th Cir. 1992), Petitioner's claim is procedurally defaulted, and the Court could not review it unless the Petitioner could demonstrate cause and prejudice for the default, or a fundamental miscarriage of justice.

*4. Petitioner Cannot Overcome Procedural Default.*

Petitioner may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk v. Johnson*, No. 3:08cv271,

---

[4] To the extent Petitioner argues that the Trial Court erred in denying Petitioner's motion to withdraw his guilty plea, while that claim may be exhausted as Petitioner raised it to the Supreme Court of Virginia, it is still time barred, and also not cognizable in federal habeas review as it asserts only an error of state law. *Gonzales v. Manis*, No. 1:15cv1584, 2017 WL 600086, at *5 (E.D. Va. Feb. 13, 2017) (finding a claim that a trial court abused its discretion in denying a motion to withdraw a guilty plea fails to state a basis for federal habeas corpus relief as it asserts an error of state law).

2009 WL 742552, at *3 (E.D. Va. Mar. 20, 2009). "[Cause refers to] some objective factor external to the defense [that] impeded counsel's [or the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999). Petitioner argues he did not raise his ineffective assistance of counsel claim in his state habeas petition "because he was abandoned by counsel following the conclusion of his attempted direct appeal." ECF No. 1 at 21. However, this does not establish sufficient cause because a petitioner "ha[s] no right to counsel (effective or otherwise) on state habeas, and cannot claim ineffective assistance of state habeas counsel, or claim that counsel's errors were cause for procedural default." *Smith v. Angelone*, 111 F.3d 1126, 1133 (4th Cir. 1997). Absent cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

Petitioner also does not assert in the alternative that he is actually innocent, nor does he present any evidence of actual innocence. Absent a sufficient assertion of actual innocence, or evidence supporting actual innocence, Petitioner cannot demonstrate a fundamental miscarriage of justice. *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence.*'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added). Instead, he merely asserts in conclusory fashion that "the failing to review Petitioner's claims will result in a fundamental miscarriage of justice." ECF No. 1 at 6.

Therefore, even if his claim were timely, Petitioner would fail to overcome procedural default because he did not present evidence of some objective factor external to the defense that impeded his efforts to comply with Virginia's rule regarding appeals to the Supreme Court of

Virginia. Further, Petitioner failed to articulate any basis or supply any evidence to support the notion that he is actually innocent, whereby the failure to consider the merits of his petition would result in a fundamental miscarriage of justice. Accordingly, the undersigned would find that Petitioner's claim regarding ineffective assistance of counsel with respect to his guilty plea procedurally defaulted, and thus, should be dismissed.

### III. RECOMMENDATION

Because the Petition is untimely pursuant to AEDPA and Petitioner is not entitled to equitable tolling, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED** and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings of recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert denied* 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 7, 2023